2-10-11-82 Mark Bregin v. McStowe-Fargo May I please the Court, Counsel? Jane Ryan from the Law Offices of Peter Faircudi on behalf of the Petitioner Mark Bregin. Requesting that you affirm the Commission's decisions on all issues except the issue of TTD for the reasons that I'll set forth. I first want to address the issue of the standard of review. It's suggested in both parties' briefs that this may be a de novo situation, and I am not the author of my brief, and I submit to the Court that I disagree with the standard set forth, and I believe that this is a manifest weight issue. The facts are not undisputed with respect to the issue of medical credibility, which is the subject of my opponent's appeal, and the issue of TTD, which is the subject of my appeal. So I would suggest that it is a manifest weight standard. I first want to talk a little bit about the job duties that gave rise to the cause of action and why the Commission's decision is supported by the facts and the record. My client worked as a material handler for Respondent for six and a half years. He was a forklift operator, material handler, moving boxes of tires. He testified he was on his forklift about 95 percent of the day, which would require him to look up approximately 25 feet to determine where he would place the boxes. He testified it was about a 45-degree angle that his neck would be extended to, and he testified that he performed these neck-moving procedures approximately 140 to 200 times per shift. He worked a minimum of eight hours a day. He was the winner of the most overtime, at least two years. So there was extensive overtime that's supported by Respondent's own witness, who was a supervisor, Mr. Sudfin. Specifically looking at the date of accident, I point this out because as a case that was heard earlier today regarding the issue of accident, this was really a repetitive trauma that came to fruition on a particular date, September 10, 2007, when the petitioner actually blacked out due to pain and recovered just before running his forklift into a box of tires. He reported it immediately to his supervisor and sought immediate medical treatment on his own. The medical chronology is laid out in both briefs. I'm not going to get into that, but there were several doctors involved, extensive chiropractic treatment, physical therapy, epidural steroid injections, and pain medication all involving the cervical spine, and MRI revealed. I think that the entire history is in dispute, that you need to recite all of it, but you've taken the appeal. You disagree with the Commission's finding that the claimant, your client, reached MMI on June 12, 2008, correct? That's correct. Okay. And did not Dr. Bernstein opine, didn't they rely on Dr. Bernstein's opinion that when he examined him, he found no reason why he could not return to work, and the Commission accepted that, correct? Well, they did, Your Honor, but Dr. Bernstein also opined in both of his reports that no accident ever happened, which is inconsistent with the Commission's other finding, adopting Dr. Bardfeld's opinions that an accident did occur, that notice was given of that accident, that the medical treatment he was given was reasonable and necessary, and most importantly for the issue of TTD is that even prospective medical was awarded. So was the finding of concurrent TTD, is that a prerequisite for an award for medical expenses under Section 8A of the Act? I believe that the award of prospective medical proves that he's not at MMI. Why? Why? Well, if he can go to work, if he's capable of working, performing full-duty work, that doesn't mean he's not entitled to additional medical. It just means that he's not entitled to TTD. Well, Your Honor, the Commission basically cuts and pastes out of Dr. Bernstein's only that one issue of TTD. They believe Bernstein on the question of when he is capable of going back to work, and they rely on your doctor on the question of whether he actually had an accident. Right. But Dr. Bernstein opines that no accident happened at all. So? So his opinions are in direct contrast with the Commission's other findings that an accident occurred. Not on those questions. Look, if Bernstein says he can work, I examine him. He's physically capable of working. There's no reason why he can't perform full duty. What difference does it make whether he believes the guy ever had an injury? We're concerned about the end of TTD, not its right to TTD, period. Right. And my argument is that Bernstein is in direct contrast with all the other medical providers, including those that the Commission accepted with respect to the other issues, particularly saying that his medical condition is such that he needs more treatment. Well, the point is just because he needs more medical treatment doesn't mean he's entitled to TTD. And I understand that. It's more an issue of being consistent with the other findings of the Commission adopting Dr. Barfield, who says this is his diagnosis, the myofascial pain syndrome and spasm, and that he needs additional treatment for it, and that I can't even begin to talk about returning him to work until he has an FCE, which is part of the prospective medical that was awarded. And they can believe him on the question of whether there was an accident, whether there was an injury, and they still can believe Bernstein on the question of whether he's capable of working on a given day. Well, in another way, just because they don't accept his testimony on one issue, are you saying that means that they have to discount it on all issues? I believe yes, given his opinions that no accident ever occurred. If he said, I think he had a cervical strain at that time, but I think it had resolved by this time, I think my opponent would have a much better argument. But he's saying he never got hurt, nothing ever happened, there's nothing wrong with him, so obviously he can work full duty. That's in direct contrast and is against the manifest weight of the evidence of every other doctor that's involved here, which is a list of about seven, particularly Dr. Barfield, who the Commission specifically adopts. Did he do an examination of your claimant? Dr. Bernstein? He did for 10 minutes. Okay. Well, then he examined him, he has some basis for giving his opinion, correct? That's correct, Your Honor. And he also did not review any of the medical records of Dr. Lenz, Dr. Barfield. Doesn't that really go to weight? Isn't that up for the Commission to decide if that's a sufficient time and a sufficient foundation? Yes, Your Honor, and I understand I'm not arguing medical credibility. I'm more arguing that this is not consistent with the other findings. But you keep saying it's not consistent. They're not the same issue. You know, look, if there's competent evidence in the record to support the Commission's decision, then we've got to affirm it. There's absolutely no question that Barfield gives you the causation opinion you need, and there's absolutely no question that Bernstein gives the MMI opinion that your opponent needs. So my question is, why is any of this against the manifest way of the evidence? Because Bernstein feels that no accident ever happened, and that opinion is in direct contrast with the other findings. And the Commission rejected his opinion in that regard and adopted Barfield. I believe all the evidence in this case shows that he was not at MMI at the time of the exam. That date is so arbitrary because Dr. Bernstein finds that nothing is even related. So that date is completely arbitrary. It's solely the date he was examined, and magically he's at MMI, and they cut him off as of that date. It's in direct contrast and is against the manifest way of Dr. Barfield's opinions and all the other doctors. Could you put this another way if this would be helpful? What about if Bernstein never knew anything about an accident, never opined whether there was or was not an accident? Wouldn't he examine the claimant and give him a valid opinion without knowing whether or not there was even an accident? He could, Your Honor, and I think that that would be a much better argument for my opponent if he had found, if he either didn't opine on an accident and said, you know, maybe this guy had some type of injury, he's now okay as of the date I see him. Precisely. But Dr. Bernstein is saying nothing was ever wrong with him, so I'm picking today's date because that's when I happen to get the idea. You want us to re-weigh the evidence. You want us to make a determination as to which of these two doctors is credible on the question of when this man is capable of performing full duty. But that's not our job. That's the commission's job. And I understand that, Your Honor. The commission really provided no guidance as to why they decided to cut one little opinion out of Bernstein's report and input that into their decision. And my submission to the Court is that that one little issue that they choose to take from Respondents I and E is against the manifest weight of the evidence based on all their other findings. Accident. Notice. Medical. Prospective medical. You know, causal connection, most importantly. Causal connection. That following their decision on those issues, so too should they have affirmed the arbitrator's award of TTD until and if he's released at MMI by his treating doctor, who the commission found to be the most credible. And again, I would, I've already touched on this issue, but again, Freeman v. United Coal. He's not at MMI. That's proven by the fact that his treaters recommending additional treatment, FCE therapy, there's some suggestion of possible additional injections, although those haven't helped in the past. And then until his condition stabilizes, he should be entitled to TTD and that the commission should be reversed on that issue. Thank you. Counsel, please. Good morning. May it please the court and counsel for claim that I, Mark Slavin, representing the employer, for the reasons discussed with opposing counsel, I would agree that the issues that need to be decided from this point forward need to be addressed down below at the commission about what further benefits, if any, are awarded for prospective medical. Dr. Bernstein's opinion by being adopted with a cut-out opinion, he's at MMI, is a question of fact. Interestingly, though, Justices, the rest of the two-page report of Dr. Bernstein talks about symptom magnification and exaggeration consistent with the treating physicians of Dr. Setcase, who says he cannot connect the symptoms are disconnected from the condition of ill-being. So, too, doctors, treating physicians, Dr. Michael Segret, Ron Jimenez, and Dr. Joe Roland, all agree that the symptoms are way out of proportion with any radiographic findings. So that would be consistent with the commission's adoption that Dr. Bernstein is opining, weighing issues, and agreeing that he's at MMI. So TTD has been reduced. He's at MMI. And I concur, Justices, that I think our remaining fight is down below what further medical, if any, exists. With that, I would ask that you confirm the commission's decision. There is no question that manifest weight of the evidence is the standard right now. Are you abandoning your appeal? Am I abandoning my appeal? The answer is no. And your cross-appeal? I know what the issues are on my cross-appeal, and I'm not abandoning them. I will entertain that discussion if you would like, Justice Hoffman. Well, I mean, the point of the matter is, I mean, it's really your cross-appeal that has to be addressed first. If there is no causation in this case, then we don't need to talk about anything else. Well, I would agree with you, yes, to a large extent, for the reasons stated. I think there is no causation, and I think the manifest weight of the evidence, without question, is that Dr. Branfield is a scintilla of evidence that doesn't meet the manifest weight. We're talking about eight doctors before Branfield comes in and says, it's myofascial. We have competent, skilled surgeons, neurosurgeons looking at this man going, your proportions don't, your complaints don't make sense to the symptomology. So I think if you do engage, Justice Hoffman, in the manifest weight standard, it's a scintilla of evidence that exists for claim compensability. I think the best result is the right result, which is to reverse the commission's decision and say that this accident does not arise out of employment. It's a good thing we invited you to state your opinion. Pardon? It's a good thing we invited you. Yes. All right. But, no, I'm not abandoning it, I believe. All right. Thank you. Rebuttal. Just very briefly, based on that, the issue of symptom magnification really goes to the causal connection issue, which I believe has not been shown. No. Symptom magnification doesn't necessarily go to causal connection. It goes to the nature of extent. Which is not an issue. A man can have an accident, and he can be totally feigning the degree of his injury. Well, yes, Your Honor. It doesn't say he didn't have an accident. It doesn't say he wasn't injured. They're just arguing he wasn't injured to the degree you contend he's injured, or that he contends he's injured. Well, I believe that that goes more to causal connection and potential prospective medical than it does to the issue of whether or not he's, you know, able to work. It kind of goes to his ability to work, too. And I would just like to point out that none of the prior treating doctors ever called the petitioner a symptom magnifier. The only doctor who brings that up is Respondent's own IME. And I would, again, submit to the Court that the decision on TTD should be reversed. Dr. Bartfeld should be adopted, and Dr. Bartfeld's opinion should be adopted in their entirety to be consistent with the other decisions that were made by the commission. Thank you. Thank you, counsel. We'll take the matter under assignment for disposition.